United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BERTHRAND TABOT, et al.,

Plaintiffs,

v.

IMMIGRATION AND CUSTOM ENFORCEMENT,

Defendant.

Case No. 26-cv-07411-SVK

**ORDER OF TRANSFER**

Plaintiff is an inmate in jail in Saint Genevieve County, Missouri, who filed this pro se complaint. He alleges he is at the jail based on a detainer by the Bureau of Immigration and Customs Enforcement ("I.C.E.") of the United States Department of Homeland Security. He sues ICE for twenty billion dollars because of inadequate medical care and other conditions at the jail. Although Plaintiff has submitted a form complaint under 42 U.S.C. § 1983, his claims fall under the Federal Tort Claims Act ("FTCA") because he sues the federal government. *See* 28 U.S.C. § 1346(b) (providing for civil actions against the United States for money damages for a "negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment); *Mendia v. Garcia, et al.*, 874 F.3d 1118, 1119 (9th Cir. 2017) (addressing FTCA claims against ICE by county jail inmate on an ICE detainer); *compare West v. Atkins*, 487 U.S. 42, 48 (1988) (holding claims under Section 1983 must be brought against individuals acting "under the color of state law").

Venue may be raised by a federal court sua sponte where, as here, a defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Any FTCA claim against the United States may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred. *See* 28 U.S.C. § 1402(b); *Smith v. United States*, 953 F.2d 1116 (1991); *see, e.g.*,

United States District Court
Northern District of California

*Garcia v. Ives*, No. 3:18-CV-0176-HZ, 2020 WL 6323934, at *8 (D. Or. Oct. 25, 2020) (holding District of Oregon was not proper venue for FTCA claims under Section 1402 because plaintiff resided and the relevant conduct occurred in other districts).

This judicial district is not the proper venue for this case under Section 1402 because Plaintiff resides and the events giving rise to Plaintiff's claims occurred in Saint Genevieve County, which is in the venue of the Eastern District of Missouri. 28 U.S.C. § 105(a)(3). Where a case is filed in the wrong venue, the district court has the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of justice." 28 U.S.C. § 1406(a). In the interests of justice, this case is TRANSFERRED to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1406(a).

The Court will defer to the Eastern District of Missouri for ruling on Plaintiff's motion for leave to proceed in forma pauperis. (ECF No. 6.) The Clerk shall terminate this motion from this court's docket and transfer this matter forthwith.

**IT IS SO ORDERED.**

Dated: August 6, 2026

Susan van Keulen
United States Magistrate Judge